United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD JOHN HUNDENSKI,                          No. C 05-01529 WHA

        Plaintiff,

  v.                                          **ORDER (1) GRANTING
                                                PLAINTIFF'S MOTION TO
CITY AND COUNTY OF SAN FRANCISCO,               REMAND, (2) DECLINING TO
MICHAEL CARLIN, JOHN CRETAN,                    RULE ON DEFENDANTS'
MICHAEL DEBELLIS, THERESE                       MOTION TO DISMISS,
MADDEN, and DOES 1–100, inclusive,              (3) VACATING BOTH HEARINGS
                                                AND (4) FINDING PLAINTIFF'S
        Defendants.                          MOTION TO CONTINUE
_____/              HEARING MOOT**

## INTRODUCTION

     In this wrongful-termination action alleging age discrimination, plaintiff moves to

remand the case back to state court for lack of subject-matter jurisdiction.  Defendants have also

moved to dismiss various claims for relief on the basis that plaintiff cannot state causes of

action under contract law as a public employee.  This order **DECLINES TO RULE** on defendants'

motion to dismiss and **REMANDS** the case.

## STATEMENT

     This employment-discrimination action was removed from San Francisco County

Superior Court on April 14, 2005.  Plaintiff's complaint alleged (1) breach of contract;

(2) breach of the covenant of good faith and fair dealing; (3) age discrimination in violation of

the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a) *et.
seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et. seq.*;

United States District Court

For the Northern District of California

1    (4) promissory estoppel; (5) fraud and deceit; and (6) wrongful termination in violation of

2    public policy.  Defendants then filed a motion to dismiss on April 15, 2005.

3              On April 21, 2005, plaintiff filed an amended complaint.  The amended complaint

4    alleges (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) age

5    discrimination in violation of FEHA; (4) promissory estoppel; and (5) wrongful termination in

6    violation of public policy.  Because the amended complaint eliminated the ADEA claim,

7    plaintiff requested summary remand of the action back to state court.

8              On April 28, 2005, the Court issued an order denying this request on the grounds that "a

9    plaintiff may not compel remand by amending a complaint to eliminate the federal question

10   upon which removal was based."  *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers,*

11   *Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).  In addition, the order noted that defendants' motion

12   to dismiss was rendered moot by the filing of an amended pleading.  On the same day,

13   defendants noticed a second motion to dismiss for hearing on June 2, 2005.  Like their prior

14   motion, defendants argue that as a matter of law, civil service employees cannot state a cause of

15   action under contract law because the terms and conditions of public employment are set by

16   statute.  On April 29, 2005, plaintiff noticed a motion for remand, but because the

17   already-scheduled hearing was less than 35 days away, another was scheduled for June 9,

18   2005.[*]

19                                           **ANALYSIS**

20             At the time of the removal, the complaint alleged a violation of the ADEA.  Thus, a

21   federal question was raised.  Although plaintiff argues that the amended complaint merely

22   clarified that there was no federal question in the original pleadings rather than eliminated the

23   federal question, this order disagrees and finds that removal was proper.  That said, now that the

24   federal claim has been voluntarily dismissed and only state claims remain, it is within the

25   Court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to

26   remand them to state court.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

27

28        [*] Civil Local Rule 7-2(a) provides that motions are to be noticed "on the motion calendar of the
     assigned Judge for hearing not less than 35 days after service of the motion."

The previous order denied plaintiff's request for summary remand to provide the parties with the opportunity to brief the issue of whether the Court should exercise its discretion to retain jurisdiction. Defendants' opposition brief, however, "does not address Plaintiff's attempt to avoid federal jurisdiction by filing an amended complaint" (Opp. 1, fn.1). Instead, it focused on whether removal of the original complaint was proper. But, that is not the issue. In deciding whether to retain jurisdiction over pendent state claims, courts should consider the values of judicial economy, convenience, fairness, and comity to the states; "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988). Here, plaintiff has voluntarily amended the complaint at the earliest stages of litigation. As only state claims remain, this order finds remand is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. This action is immediately **REMANDED** to the Superior Court of California for the County of San Francisco.

Because this Court lacks subject-matter jurisdiction over the action, this order **DECLINES TO RULE** on defendants' motion to dismiss. The hearings on both pending motions, currently scheduled for **JUNE 2, 2005 AT 8:00 A.M.** and **JUNE 9, 2005 AT 8:00 A.M.**, are **VACATED**. Plaintiff's motion to continue the first hearing to June 9, 2005, so both motions would be heard simultaneously, is **RENDERED MOOT**. Finally, plaintiff's request for attorney fees and costs in connection with that motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 23, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3